**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1474
_____

SERGEI KOVALEV,

Appellant

v.

CITY OF PHILADELPHIA; PHILADELPHIA DEPARTMENT OF REVENUE;
PHILADELPHIA TAX REVIEW BOARD; PHILADELPHIA OFFICE OF
ADMINISTRATIVE REVIEW; PHILADELPHIA SHERIFFS OFFICE;
PHILADELPHIA LAW DEPARTMENT; PAULA WEISS; YOLANDA KENNEDY;
ANGELINEL BROWN; FRANCIS BRESLIN; AGOSTINO J. FANELLI;
NANCY A. KAMMERDEINER; MEGHAN E. CLAIBORNE;  SHANNON G. ZABEL;
AS-YET-UNKNOWN JOHN AND JANE DOES 1-25 INCLUSIVE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-05790)
District Judge:  Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2021

Before:  AMBRO, PORTER and SCIRICA, Circuit Judges

(Opinion filed: January 26, 2021)

_____

OPINION[*]

_____

PER CURIAM

Sergei Kovalev sued the City of Philadelphia ("the City") and three of its

employees, asserting that his constitutional rights were violated during administrative

review of commercial refuse-collection fees assessed against property owned by his

purported house of worship (named "House of Worship").  Most of Kovalev's claims

were dismissed as a result of dispositive motions; a jury rejected the remainder after a

three-day trial.  Kovalev appealed, and we affirmed. See Kovalev v. City of Philadelphia,

775 F. App'x 72, 77 (3d Cir. 2019) (per curiam).  Also unsuccessful was Kovalev's

subsequent suit challenging the authenticity of an exhibit used by the defense at trial. See

Kovalev v. Claiborne, 829 F. App'x 592, 593 (3d Cir. 2020) (per curiam).

In the present litigation, Kovalev claims that his waste-collection woes resulted

from widespread, coordinated criminal activity by the City and various City departments

and employees.  He filed his complaint pro se and invoked, primarily, the Racketeer

Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68.  The District

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

Court dismissed Kovalev's complaint—sua sponte and without leave to amend—under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

The District Court first determined that to the extent Kovalev was attempting to litigate on behalf of House of Worship, he could not do so because he is not an attorney. See DC ECF No. 7 (Op.) at 5 ("Mr. Kovalev lacks standing to pursue claims on behalf of others even if he is the person running the House of Worship. He is not a house of worship."). The District Court next determined that Kovalev failed to plead an injury cognizable under RICO. See Op. at 6 ("His Complaint is devoid of allegations Mr. Kovalev made payments out of his own pocket. * * * Physical or emotional harm to a person is insufficient to show a person is injured in his business or property under RICO."). The District Court also determined: that Kovalev's claims, insofar as they concerned a 2015 administrative proceeding and related litigation, were barred by the principle of res judicata, see Op. at 7; that Kovalev could not rely on a criminal statute as an independent cause of action, see Op. at 8; that it would decline to exercise supplemental jurisdiction over Kovalev's state law claim, see Op. at 8-9; and that offering Kovalev leave to amend his complaint would be futile, see Op. at 9.

Kovalev appealed. We have jurisdiction under 28 U.S.C. § 1291, and our review of a dismissal under § 1915(e)(2)(B)(ii) is de novo. See Allah v Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the decision to decline leave to amend for abuse of discretion but review the District Court's "determination that amendment would be

3

futile" de novo. <u>U.S. ex. rel. Schumann v. AstraZeneca Pharms. L.P.</u>, 769 F.3d 837, 849 (3d Cir. 2014).

We have carefully considered the arguments raised by Kovalev in his brief on appeal.[1] None of them is persuasive. In particular, we reject Kovalev's efforts to reconcile his assertions that (1) he is not litigating on behalf his purported church, (2) the House of Worship owns the property for which commercial refuse-collection fees were imposed by the City, (3) Kovalev does not derive any compensation from his management of the House of Worship, and (4) he somehow was "injured in his business or property," 18 U.S.C. § 1964(c), as a result of the City's fee-imposition and related conduct, in a way that establishes standing to maintain a civil RICO action.[2] To the District Court's well-reasoned analysis we also add that Kovalev's RICO claims against the City and its departments were improper as a matter of law. <u>See</u> <u>Genty v. Resolution Tr. Corp.</u>, 937 F.2d 899, 914 (3d Cir. 1991) (holding "that a civil claim brought

---

[1] The first twenty or so pages of Kovalev's brief is little more than a list of grievances that were raised and rejected in prior litigation. <u>See, e.g.</u>, Br. at 29 ("RICO Defendants were intentionally creating false documents and false evidence to deny Mr. Kovalev fair trial, to obstruct justice and derail judicial machinery.").

[2] This is not the first time Kovalev has attempted to use a civil RICO action to remedy his grievances. <u>See</u> <u>Kovalev v. City of Philadelphia</u>, DC Civ. No. 07-cv-4875, 2008 WL 5377625 (E.D. Pa. Dec. 23, 2008); <u>see also</u>, <u>Kovalev v. Stepansky</u>, No. 20-1473, 2020 WL 6746985, at *1 (3d Cir. Nov. 17, 2020) ("Kovalev maintains that [his dentist] is engaged in a criminal enterprise involving 'intentional human body mutilations and health insurance fraud.'").

under section 1964(c) of the RICO Act . . . cannot be maintained against a municipal corporation").

For those reasons, we will affirm the judgment of the District Court. Kovalev's motion to correct on our docket the spelling of the name of one of the defendants is granted. The correct spelling appears in the caption for this opinion and will be corrected on the docket in due course.